UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IN THE MATTER OF THE COMPLAINT,

               of                                     **ANSWER**

MILLER'S LAUNCH, INC., as owner of a 1978 31-foot
motor vessel, and CITY OF NEW YORK,               10-CV-00872
DEPARTMENT OF ENVIRONMENTAL                  (BMC)
PROTECTION, as owner, and MILLER'S LAUNCH,
INC., as bareboat charterer or owner Pro Hac Vice, of a
1994 34-foot motor vessel, for Exoneration from or
Limitation of Liability,

                           Petitioners,
-------------------------------------------------------------------X
THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF ENVIRONMENTAL
PROTECTION, and MILLER'S LAUNCH, INC.

                    Third Party Plaintiffs,

           -against-

GAETA INTERIOR DEMOLITION, INC.,

                  Third Party Defendant.
-------------------------------------------------------------------X

      The third-party defendant, **GAETA INTERIOR DEMOLITION, INC.,** by its

attorneys, The Law Offices of Edward Garfinkel, as and for an answer to the complaint of the

plaintiff(s) herein, respectfully alleges upon information and belief:

### ANSWERING THE FIRST CAUSE OF ACTION

    **FIRST:**        Admits paragraph **FIRST** of the complaint.

    **SECOND:**    Denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraphs **THIRD and FOURTH** of the complaint.

**THIRD:**    Denies paragraphs **SECOND, TWELFTH and THIRTEENTH** of the complaint.

**FOURTH:**    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs **EIGHTH, NINTH, TENTH and ELEVENTH** of the complaint and respectfully refers all questions of law to the court.

**FIFTH:**    Denies paragraphs **SIXTH and SEVENTH** of the complaint and respectfully refers all questions of law to the court.

**SIXTH:**    Denies each and every allegation set forth in paragraph **FIFTH** of the complaint except admits that on October 3, 2008, claimant Marcus Ling was employed by defendant, GAETA INTERIOR DEMOLITION< INC. and was acting within the scope of his employment.

## ANSWERING THE SECOND CAUSE OF ACTION

**SEVENTH:**  Repeats the admissions and denials to the paragraph(s) of the complaint repeated and re-alleged in paragraph designated as **FOURTEENTH** of the complaint.

**EIGHTH:**    Denies paragraphs **FIFTEENTH** of the complaint and respectfully refers all questions of law to the court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The third-party plaintiff's complain fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That the injuries and damages to the claimant Marcus Link were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the claimant Marcus Link and any such alleged damages should be fully or partially diminished by said culpable conduct and want of care pursuant to CPLR Article 14-A.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That the claimant Marcus Link received remuneration and/or compensation for some or all of his claimed economic loss and that the defendant is entitled to have claimant Marcus Link award, if any, reduced by the amount of that remuneration and/or compensation, pursuant to Section 4545(c) of the Civil Practice Law and Rules and the Federal Rules of Civil Procedure.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That the liability of the third-party defendant, GAETA INTERIOR DEMOLITION, INC., if any, does not exceed fifty percent (50%) of the liability assigned to all persons and that the liability of the third-party defendant, GAETA INTERIOR DEMOLITION, INC., if any, for non-economic loss is limited pursuant to Article 16 of the CPLR.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

That the claimant Marcus Link and third-party plaintiffs failed to mitigate their damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

That the third-party plaintiffs herein has failed to name a party who is a necessary party and indispensable to this suit pursuant to Rule 19.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted requiring dismissal of the third-party complaint as Longshore & Harbor Workers Compensation Act 33 USC § 905(b) bars claims for contribution or indemnification by a vessel against the employer of the harbor workers/claimant, namely Marcus Link

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted requiring dismissal of the third-party complaint as NYS GOL § 5-322.1 bars any claim from contractual

indemnification based on a contract or agreement allowing a party such as third-party plaintiff to obtain indemnification for its own negligence.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Claimant Marcus Link failed to sustain a grave injury and the third party action is barred by the NYS Workers' Compensation Law § 11 warranting dismissal of the action.

### AS AND FOR A COUNTER-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST THE DEFENDANTS/THIRD-PARTY PLAINTIFFS, , THE THIRD-PARTY DEFENDANT(S), GAETA INTERIOR DEMOLITION, INC., ALLEGES:

That any injuries and damages sustained by the plaintiff(s) herein as a result of the alleged incident described in the plaintiff's Complaint were sustained in whole or in part by reason of the negligence or other breach of duty on the part of the third-party plaintiff.

That if it is determined that the third-party defendant, **GAETA INTERIOR DEMOLITION, INC.,** is liable in any degree to the claimant Marcus Link whether because of negligence, by operation of law or any other reason, the third-party defendant, **GAETA INTERIOR DEMOLITION, INC.,** is entitled to have the liability apportioned among and between the third party plaintiff and third party defendants by way of contribution and/or is entitled to be indemnified by one or more of said co-defendants.

### AS AND FOR A COUNTER-CLAIM FOR INDEMNIFICATION AGAINST THE CO-DEFENDANTS/THIRD-PARTY PLAINTIFFS,. THE THIRD-PARTY DEFENDANT(S), GAETA INTERIOR DEMOLITION, INC., ALLEGES:

That on or before 10/03/2008, the third-party defendant, **GAETA INTERIOR DEMOLITION, INC.,** entered into an agreement with defendants/third-party plaintiffs whereby said defendants/third-party plaintiffs agreed to indemnify and hold defendant harmless in the

event any suit or claim for personal injuries, property damage and/or wrongful death was made as a result of the work being done pursuant to said agreement.

That said agreement was in full force and effect on 10/03/2008.

That the claims being made by the claimant Marcus Link herein, if true, will entitle the defendant, **GAETA INTERIOR DEMOLITION, INC.,** to be indemnified and held harmless as aforesaid.

### AS AND FOR A COUNTER-CLAIM FOR INDEMNIFICATION AGAINST THE CO-DEFENDANT(S), , THE DEFENDANT, GAETA INTERIOR DEMOLITION, INC., ALLEGES:

That on or before 10/03/2008, the third-party defendant(s), **GAETA INTERIOR DEMOLITION, INC.,** entered into an agreement with the defendants/third-party plaintiffs, whereby said defendants/third-party plaintiffs agreed to purchase insurance providing coverage for the third-party defendant(s), **GAETA INTERIOR DEMOLITION, INC.,** for part or all of the loss or injury claimed by the plaintiff herein.

That said agreement was in full force and effect on 10/03/2008.

That the defendants/third-party plaintiffs failed to provide such insurance as required by the said agreement.

That, therefore, the defendants/third-party plaintiffs are liable to the third-party defendant(s), **GAETA INTERIOR DEMOLITION, INC.,** to the extent of any such insurance coverage which should have been purchased to protect the third-party defendant(s), **GAETA INTERIOR DEMOLITION, INC.,** in the event that any recovery is had against the answering third-party defendant(s).

WHEREFORE, the third-party defendant, **GAETA INTERIOR DEMOLITION, INC.,** demands judgment dismissing the Complaint of the claimant and third-party plaintiff herein with

costs and further demands and that the ultimate rights of the third-party defendant(s), **GAETA INTERIOR DEMOLITION, INC.,** and the co-defendants/third-party plaintiffs be determined as between themselves in that the third-party defendant(s), **GAETA INTERIOR DEMOLITION, INC.,** have judgment over and against the co-defendants/third-party plaintiff for indemnification and/or contractual indemnification or contribution in whole or in part, breach of contract for the amount of any sum which may be recovered herein against the third-party defendant(s), **GAETA INTERIOR DEMOLITION, INC.,** together with attorneys' fees and the costs and disbursements of this action.

Dated: Brooklyn, New York
September 16, 2010

Yours etc.,
The Law Offices of Edward Garfinkel
Attorneys for Third-Party Defendant,
GAETA INTERIOR DEMOLITION, INC.

By: _____
William A. Prinsell (WAP-0047)
12 Metrotech Center, 28th Floor
Brooklyn, New York 11201-3837
(718) 250-1100
Our File # NYNY 29075

TO:   Raphaelson & Levine Law Firm, P.C.
Attorneys for Claimant
14 Penn Plaza, Suite 407
New York, NY 10122
(212) 268-3222

Rubin, Fiorella & Friedman LLP
Attorneys for Defendant-Third-Party Plaintiffs
THE CITY OF NEW YORK and NEW YORK
CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION
292 Madison Avenue, 11th Floor
New York, NY 10017
(212) 953-2381